# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GENE E. DUDLEY, SR., ) | |
| ) | |
| Plaintiff, ) | Case No. 11-00147-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| CITY OF KANSAS CITY TOW LOT, and ) | |
| JACKSON COUNTY FILING CLERKS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is the City of Kansas City's ("the City") Motion to dismiss all claims against the "Kansas City Tow Lot" ("tow lot") for failure to state a claim and lack of subject matter jurisdiction. Doc. 7-8. The Court has also reviewed the Plaintiff's Suggestions in Opposition and the City's Reply and the Plaintiff's Motions to amend and for judgment on the pleadings. Docs. 14, 16-17, 19-20. For the reasons stated herein, the City's Motion is GRANTED. The Plaintiff's Motion to amend is GRANTED and his Motion for judgment on the pleadings is DENIED.

## Background

On February 7, 2011, the Plaintiff filed his initial Motion for leave to proceed in forma pauperis and financial affidavit. Docs. 1-2. The Complaint raised claims against the "Jackson County Filing Clerks" and the "Kansas City Tow Lot." Doc. 1-1. The claims appear to relate to the alleged failure of the clerk's office to file his pro se actions, including a small claims action against the tow lot and a civil post-conviction motion on behalf of his son. The action is denominated as an action pursuant to Rule 65—relating to injunctions and temporary restraining orders—and the All Writs Act. Consistent with this, the Plaintiff requests that the Court "enjoin

those listed Respondents to (1) do what is required by law and file Petitioner's lawsuits…and (2) provide concurrent jurisdiction over small claims court because [of these difficulties in filing.]" Doc. 1-1 at 1. It also references Title 42, section 1983 of the United States Code.

The Plaintiff refiled his complaint on February 10 after in forma pauperis status was granted. Doc. 4. The City filed its Motion on March 21, and the Plaintiff filed his response and a motion for leave to file an amended complaint on May 11 and 12, respectively. Neither Defendant has responded to this motion for leave, which seeks to add language explaining the Plaintiff's claim against the tow lot. There having been no objection by the City, the Plaintiff's Motion for leave to amend his complaint is GRANTED. The Court will evaluate the City's Motion in light of the additional language.

## Discussion

The City moves to dismiss claims against the tow lot on three bases: (1) failure to state a claim, (2) lack of subject matter jurisdiction, and (3) that a city department cannot be sued under Missouri law. Without the amendment, the Plaintiff would have failed to state a claim. The original complaint contains virtually no information about claims against the tow lot, other than in the caption, an opaque reference to small claims court, and a mention a previous actions he attempted to file. The amended complaint contains the following allegations:

> **a.** Intentionally falsifying traffic infraction in order to seize and tow Petitioner's truck. The KCPD Officer Jane Doe erroneously listed on the traffic ticket that the reason for towing was an arrest. Petitioner was not arrested nor was the truck abondoned. [sic]
>
> **b.** The City of Kansas City of Kansas City profitted [sic] from seizure and to Petitioner's detriment whereby costing $285 storage and towing fees with a predeprivation notice in contravention to due process
>
> **c.** City of Kansas City assessed storage fee for the New Years [sic] holiday. This day the KC Tow Lot was not open for business.

> **d.** City of Kansas City assessed storage fees notwithstanding weekend and after normal business hours knowing Petitioner could not contest the towing and storage through administrative channels.

Doc. 16. While more specifics would certainly be preferable, giving the Plaintiff every benefit in light of his pro se status, the Court finds that he has stated a coherent claim that the City illegally seized his truck. Furthermore, the City's arguments regarding subject matter jurisdiction are moot in light of the Plaintiff's citation to section 1983 and the fact that he claims that the City violated his due process rights. However, as noted in a previous action against Kansas City, Missouri, "[d]epartments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the Departments." *Van Deelen v. City of Kansas City, Missouri,* 411 F. Supp. 2d 1105, 1119 (W.D. Mo. 2006) (citing *Catlett v. Jefferson County,* 299 F. Supp. 2d 967, 969 (E.D. Mo. 2004)). Such is the case here. It is not clear if the "Kansas City Tow Lot" is a specific entity organized by the City.[1] If not, it cannot be sued any more than one can sue any other physical location or thing. If it is, then the City is liable and must be the defendant, not the tow lot itself.

## Conclusion

The Plaintiff's Motion to amend is GRANTED. The City's Motion to dismiss claims against the "Kansas City Tow Lot" is GRANTED. The Plaintiff's Motion for judgment on the pleadings is DENIED.

**IT IS SO ORDERED**

Dated: August 16, 2011 　　　　　　　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS,
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] A review of the City's website reveals references to a tow lot, but it is not clear under which department's purview is falls, or even if it is operated entirely by the City.