**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GENE E. DUDLEY<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KANSAS CITY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-00147-CV-W-DGK |

**ORDER GRANTING MOTION TO DISMISS**

This case arises from Plaintiff's complaint that he and his son were hindered in filing civil lawsuits and post-conviction claims by certain Jackson County Missouri Circuit Court Clerks. Pending before the Court is a "Motion to Dismiss and Opposition to Request for Injunctive Relief and Suggestions in Support" (Doc. 36) on behalf of Defendants Eleanor Brown, Bessie Robinson, and Rebecca Smith, each of whom is a Clerk at the Jackson County, Missouri Circuit Court. Having fully considered Defendants' unopposed motion, the Court grants Defendants' "Motion to Dismiss."

**Background**

On February 10, 2011, pro se Plaintiff Dudley, proceeding *in forma pauperis*, filed a Complaint against the "Jackson County Filing Clerks" and the "Kansas City Tow Lot" alleging that the Clerk's office failed to timely file his pro se actions, including a small claims action against the tow lot and a civil post-conviction motion on behalf of his son (Doc. 4). Denominated as an action pursuant to Rule 65 and the All Writs Act, Plaintiff requested that the Court "enjoin those listed Respondents to (1) do what is required by law and file Petitioner's

lawsuits . . . and (2) provide concurrent jurisdiction over small claims court because [of these difficulties in filing]" (Doc. 1-1 at 1). Plaintiff's Complaint also references Title 42, section 1983 of the United States Code.

On March 21, 2011, the City of Kansas City Tow Lot filed a "Motion to Dismiss for Failure to State a Claim" (Doc. 7), and the Court granted this motion on August 16, 2011 (Doc. 31). On that date, Plaintiff filed an Amended Complaint, supplementing his original allegations against Defendant Kansas City Tow Lot (Doc. 41). The remaining Defendants in this case now move the Court to dismiss the lawsuit arguing that: (1) Plaintiff fails to plead facts showing he is entitled to relief or that this Court has jurisdiction as required by Fed. R. Civ. P. 8; (2) that Plaintiff lacks standing; and (3) that Plaintiff's lawsuit fails to state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) due to Defendants' quasi-judicial immunity.

## Discussion

### A. Plaintiff fails to plead facts showing he is entitled to relief under Fed. R. Civ. P. 8.

A complaint must contain both "a short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). While courts must construe pro se complaints liberally, pro se litigants are not relieved of the duty to comply with Rule 8's requirements. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While Plaintiff's Complaint could be interpreted to establish well-pleaded allegations, Plaintiff fails to allege the required elements for the Court's jurisdiction under either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1331. However, even if the Court were to liberally construe Plaintiff's complaint as stating a § 1983 claim such that the Court had federal question jurisdiction, Plaintiff's Complaint would be dismissed for lack of standing and quasi-judicial immunity.

**B. Plaintiff lacks standing to pursue claims.**

Defendants also assert that Plaintiff lacks standing to pursue his claims against them. To establish standing, the party invoking federal jurisdiction must establish: (1) that it suffered injury to a legally protected concrete and particularized interest; (2) that there is a "casual connection between the injury and the conduct complained of;" and (3) that it is "likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42, 38, 43 (1976)). These requirements mandate that the "judicial power exists only to redress or otherwise protect against injury to the complaining party." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Therefore, a federal court has jurisdiction "only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'" *Id*., quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973).

Here, Plaintiff fails to satisfy the first standing requirement because some of the injuries he alleges were suffered by his son, Gene Junior. For example, many statements in Plaintiff's complaint seem to reference injuries sustained by Gene Junior: "Petitioner and his son Gene Junior cannot obtain a civil filing regarding his[1] post conviction motion because of the Clerk's onerous actions;" "It took two and one-half hours of haggling with those Respondents about why my son's post convic[tion] motion was not recorded and process[ed]" (Doc. 4). Thus, to the extent that Plaintiff's claims seek to vindicate rights asserted on behalf of his son, Plaintiff lacks standing and the claims must be dismissed.

[1] Given the context of the paragraph, the Court construes "his" to refer to Gene Junior because in the next sentence Plaintiff discusses how his son mailed forms from prison.

**C. Plaintiff cannot state a claim against Defendants because Defendants are entitled to quasi-judicial immunity.**

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court must construe complaints from pro se plaintiffs liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, pro se litigants must still "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Plaintiff alleges that Defendants' wrongful actions included failing to file lawsuits in the time allocated by statute, hindering service of process, and failing to file stamp and forward pleadings to the appropriate court. These acts, however, occurred in furtherance of the clerk's judicial duties. Thus, Plaintiff cannot sustain a claim against Defendants because they are protected from liability by judicial immunity. "[T]he filing of complaints and other documents is an integral part of the judicial process" and Defendants are "protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks." *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (finding that a federal court clerk was entitled to immunity from a suit by a plaintiff alleging that the clerk intentionally delayed filing his complaint and lying about its whereabouts). Accordingly, Plaintiff cannot state a claim based on these allegations.

## Conclusion

For the foregoing reasons, the Court finds that Plaintiff does not have standing to assert a number of his claims and that Plaintiff cannot state a claim upon which relief can be granted because Defendants are protected from liability by quasi-judicial immunity. Accordingly, Defendants' "Motion to Dismiss" (Doc. 36) is GRANTED. Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Date: February 16, 2012

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT